116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ignacio Naranjo GONZALES, Defendant-Appellant.
 No. 96-30314.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-94-02055-1-AAM Alan A. McDonald, District Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ignacio Naranjo Gonzalez, appeals his 108-month sentence following his guilty plea conviction for distributing heroin in violation of 21 U.S.C. § 841(a)(1). Gonzalez contends that the district court erred by imposing a four-level upward adjustment to his base offense level for being an organizer or leader. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error, see United States v. Avila, 95 F.3d 887, 889 (9th Cir.1996), and we affirm.
 
 
 3
 Section 3B1.1 of the Sentencing Guidelines provides a four point enhancement if the defendant was an organizer or leader of a criminal activity that involved five or more participants, or was otherwise extensive. See § 3B1.1(a). A preponderance of the evidence must support a finding that the defendant was an organizer or leader. See Avila, 95 F.3d at 889. Specifically, there must be evidence that the defendant exercised control over others or was responsible for organizing others for the purpose of carrying out the crime. See id. at 889. In determining whether a defendant was an organizer or leader, the court should consider the following factors: the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. See U.S.S.G. § 3B1.1, Application Note 4; Avila, 95 F.3d at 889.
 
 
 4
 Here, the heroin distribution scheme involved five others who were named with Gonzalez in the indictment. The evidence presented at the sentencing hearing established that Gonzalez: arranged and was present at each transaction, employed others to assist him and deliver drugs on his behalf, once negotiated a higher price at the time of sale for making the trip, and appeared to be in charge. The defendant did not offer any evidence to the contrary. Accordingly, the district court did not err when it imposed the four level enhancement. See United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995); cf. Avila, 95 F.3d at 889.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3